**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GILBERTO BAEZ-MENDEZ;**<br>**BIENVENIDO BERBERANA-NAVARRO;**<br>**JUAN C. CACERES-JIMENEZ;**<br>**VICTOR AUGUSTO LOPEZ-JIMENEZ;**<br>**DANIEL LOPEZ-LORENZO;**<br>**ARMANDO MALDONADO-SOTO;**<br>**RAUL MARTINEZ-PEREZ;**<br>**LUIS PABON-BOSQUES;**<br>**YVONNE RAMIREZ;**<br>**JORGE L. RIVERA-GONZALEZ;**<br>**DAVID RIVERA-ROBLES;**<br>**JUAN RODRIGUEZ-ROMAN;**<br>**CARLOS A. ROJAS-ROSARIO;**<br>**ELVIN ROSADO-MORALES;**<br>**RAFAEL TORRES-RAMOS**<br><br>PLAINTIFFS<br><br>VS.<br><br>**COMMONWEALTH OF PUERTO RICO;**<br>**JUNTA DE RETIRO DE GOBIERNO DE PUERTO RICO;**<br>**ARNALDO J. ORTIZ-MIRANDA, in his official capacity as Executive Director of the Junta de Retiro de Gobierno de Puerto Rico;**<br>**COMPANY ABC;**<br>**INSURANCE COMPANY XYZ;**<br>**JOHN & JANE DOE**<br><br>DEFENDANTS | CIVIL NO. 26-1199<br><br>*INJUNCTION;*<br>DECLARATORY JUDGMENT;<br>VIOLATION OF CIVIL AND<br>CONSTITUTIONAL RIGHTS PURSUANT<br>TO SECTION 1983 & EQUAL<br>PROTECTION;<br>BREACH OF CONTRACT;<br>UNJUST ENRICHMENT;<br>TORTS<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW,** Gilberto Baez-Mendez, Bienvenido Berberana-Navarro, Juan C. Caceres-Jimenez, Victor Augusto Lopez-Jimenez, Daniel Lopez-Lorenzo, Armando Maldonado-Soto, Raul Martinez-Perez, Luis Pabon Bosques, Yvonne Ramirez, Jorge L. Rivera-Gonzalez, David Rivera-Robles, Juan Rodriguez-Roman, Carlos A. Rojas Rosario, Elvin Rosado-Morales and Rafael Torres-Ramos (jointly "Plaintiffs"), through the undersigned attorney and very respectfully state, allege and pray as follows:

## PRELIMINARY STATEMENT

1.     The Plaintiffs respectfully request the Honorable Court to issue a preliminary *injunction* against the Commonwealth of Puerto Rico ("PR" and/or "Commonwealth"), the Junta de Retiro de Gobierno de Puerto Rico ("JRG"), and the Executive Director of JRG, Arnaldo J. Ortiz-Miranda ("Executive Director") (jointly "Defendants") because the Defendants will be arbitrarily reducing the pensions of the Plaintiffs by June 30th, 2026, by offsetting the pensions of the Plaintiffs based on the social security income received by the Plaintiffs. Based on this arbitrary action, the Defendants are violating the Contracts Clause of the Constitution of the United States ("U.S. Constitution") by impacting the vested rights and benefits payable to the Plaintiffs, such as their pensions, under other laws and regulations. Additionally, the Defendants are violating the Equal Protection Clause of the U.S. Constitution because it is treating the Plaintiffs differently when compared to other persons who are not suffering reduction of their pensions because they do not receive social security income.

2.     The Plaintiffs will suffer irreparable damages due to the future violation of their civil and constitutional rights when they will be subjected to said arbitrary actions by the Defendants which will impact the Plaintiff's vested rights and benefits under other laws and regulations, that is, their pensions.

2

3.      Such actions by the Defendants violate the civil and constitutional rights of the Plaintiffs pursuant to Section 1983 of the Civil Rights Act of 1871, ("Section 1983") and the Constitution of the United States ("US Constitution").

4.      The Plaintiffs file this civil action against the Defendants based on the following claims: *injunction* and declaratory judgment pursuant to Rule 57 and Rule 65 of the Federal Rules of Civil Procedure ("FRCP"); Violation of Civil and Constitutional Rights pursuant to Section 1983, 42 USC sec. 1983*, et seq.*; Violation of the Contract Clause of the US Constitution and Section 10 of Article II of Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); Violation of the Equal Protection Clause of the US Constitution and the PR Constitution; and material breach of contract, unjust enrichment and general tort damages pursuant to Puerto Rico's Civil Code ("PRCC").

5.      The Plaintiffs respectfully request various remedies from this Honorable Court such as 1) declaratory, equitable and injunctive relief, and 2) any other relief which this Court may deem just. Additionally, the Plaintiffs respectfully request that the Defendants pay for all costs of this action, including attorneys' fees, costs, and/or expenses pursuant to the FRCP and/or any other conforming law.

## JURISDICTION AND VENUE

6.      The United States District Court for the District of Puerto Rico has jurisdiction over this action under 228 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Section 1983 and the US Constitution.

7.      The Plaintiffs further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same

3

nucleus of operative facts. Specifically, Plaintiff files this action pursuant to the PR Constitution and the PRCC.

8. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district.

9. Plaintiffs demand that all causes of action be tried before a jury

## THE PARTIES

10. The Plaintiffs were at one time or another, Police Officers of the PR Police Department ("PRPD"). Afterwards, the Plaintiffs retired from the PRPD and obtained their retirement pensions from the Defendants. The Plaintiffs are as follows:

    a. Gilberto Baez-Mendez, was a full-time Police Officer for the PRPD until his retirement on September 15th, 2021. At the time of his retirement, he received as a monthly salary approximately four thousand eight hundred dollars ($4,800.00). His address is RR-06 Box 6813 Barrio Quebrada Cruz, Toa Alta, PR 00953. His telephone number is 787-642-1372. His e-mail address is gilbertobaez0359@gmail.com.

    b. Bienvenido Berberana-Navarro, was a full-time Police Officer for the PRPD until his retirement on September 30th, 2017. At the time of his retirement, he received as a monthly salary approximately three thousand three hundred dollars ($3,300.00). His address is HC-15 Box 15195, Humacao, PR 00791. His telephone number is 787-914-9398. His e-mail address is berbebn@gmail.com.

    c. Juan C. Caceres-Jimenez, was a full-time Police Officer for the PRPD until his retirement on June 15th, 2017. At the time of his retirement, he received as a monthly salary approximately three thousand two hundred ninety-five dollars

($3,295.00). His address is HC61 Box 34956, Aguada, PR 00602. His telephone number is 787-364-8490. His e-mail address is cace46@yahoo.com.

d.  Victor Augusto Lopez-Jimenez, was a full-time Police Officer for the PRPD until his retirement on July 15th, 2017. At the time of his retirement, he received as a monthly salary approximately three thousand one hundred ninety-three dollars ($3,193.00). His address is HC1 Box 11446, San Sebastian, PR 00685. His telephone number is 787-597-4807.

e.  Daniel Lopez-Lorenzo, was a full-time Police Officer for the PRPD until his retirement on June 15th, 2017. At the time of his retirement, he received as a monthly salary approximately three thousand one hundred sixty-five dollars ($3,165.00). His address is HC-05 Box 10996, Moca PR 00676. His telephone number is 787-454-0806. His e-mail address is daniellopezlorenzo51@gmail.com.

f.  Armando Maldonado-Soto, was a full-time Police Officer for the PRPD until his retirement on July 31st, 2023. At the time of his retirement, he received as a monthly salary approximately four thousand four hundred ninety-four dollars ($4,494.00). His address is Box 760, Dorado, PR 006465. His telephone number is 787-414-9538. His e-mail address is maldo12387@gmail.com.

g.  Raul Martinez-Perez, was a full-time Police Officer for the PRPD until his retirement on December 31st, 2020. At the time of his retirement, he received as a monthly salary approximately four thousand seven hundred eighty-three dollars ($4,783.00). His address is HC67 Box 15102, Bayamon, PR 00956. His telephone number is 939-835-0083. His e-mail address is ma2martinezperez@gmail.com.

5

h. Luis Pabon Bosques, was a full-time Police Officer for the PRPD until his retirement on December 31st, 2020. At the time of his retirement, he received as a monthly salary approximately four thousand two hundred ninety-six dollars ($4,296.00). His address is Urb. Reparto Márquez, C3 B5 Arecibo PR 00612. His telephone number is 787-436-9124. His e-mail address is pabon.luis1@gmail.com.

i. Yvonne Ramirez, was a full-time Police Officer for the PRPD until her retirement on March 30th, 2025. At the time of her retirement, she received as a monthly salary approximately three thousand four hundred twenty-one dollars ($3,421.00). Her address is Calle Parque del Tesoro, Q13 Urb. Bairoa Park, Caguas, PR 0072. His telephone number is 787-634-3191. His e-mail address is ramirezyvonne@hotmail.com.

j. Jorge L. Rivera-Gonzalez, was a full-time Police Officer for the PRPD until his retirement on December 13th, 2023. At the time of his retirement, he received as a monthly salary approximately four thousand three hundred eighty dollars ($4,380.00). His address is Urb. Villa Rica, AL-18 Calle Sofia, Bayamón, PR 00959-4916. His telephone number is 787-638-9580. His e-mail address is jlrg3264@gmail.com.

k. David Rivera-Robles, is a full-time Police Officer for the PRPD until his retirement on September 30th, 2026. At the time of his retirement, he received as a monthly salary approximately four thousand twelve dollars ($4,012.00). His address is Hacienda Concordia 11213 Calle Clavel, Santa Isabel, PR 00757-3124. His telephone number is 787-504-5315. His e-mail address is divadrr@yahoo.com.

6

l.  Juan Rodriguez-Roman, was a full-time Police Officer for the PRPD until his retirement on September 30th, 2018. At the time of his retirement, he received as a monthly salary approximately four thousand one hundred dollars ($4,100.00). His address is HC 6 Box 65163, Camuy, PR 00627. His telephone number is 787-376-6568. His e-mail address is capt.rodriguez51@gmail.com.

m.  Carlos A. Rojas Rosario, was a full-time Police Officer for the PRPD until his retirement on November 30th, 2020. At the time of his retirement, he received as a monthly salary approximately four thousand three hundred twenty-seven dollars ($4,327.00). His address is HC 73 Box 4865, Naranjito, PR 00719. His telephone number is 787-598-2505. His e-mail address is c9275rojas@gmail.com.

n.  Elvin Rosado-Morales, was a full-time Police Officer for the PRPD until his retirement on October 30th, 2020. At the time of his retirement, he received as a monthly salary approximately four thousand five hundred twenty dollars ($4,520.00). His address is PO Box 617, Coamo, PR 00764. His telephone number is 787-453-0969. His e-mail address is elvinrosadomorales@gmail.com.

o.  Rafael Torres-Ramos, was a full-time Police Officer for the PRPD until his retirement on January 15th, 2021. At the time of his retirement, he received as a monthly salary approximately four thousand two hundred ninety six dollars ($4,296.00). His address is Urb. Villa Fontana, Via 112KL #370, Carolina, PR 00983. His telephone number is 939-492-9117. His e-mail address is trafael51@yahoo.com.

11.  Co-Defendant, Commonwealth of Puerto Rico ("PR" and/or "Commonwealth") is a Commonwealth organized and existing under the constitution and laws of the Commonwealth

7

of Puerto Rico and of the United States of America. Commonwealth is being brought in this case because it is the real party of interest, due to the fact that the JRG is an agency of the Commonwealth. The Commonwealth's address is PO Box 9020192, San Juan, PR 00902-0192.

12.     Co-Defendant, Junta de Retiro de Gobierno de Puerto Rico ("JRG") is an authority and/or agency and/or a public or quasi-public corporation by virtue of the Enabling Acts 106-2017 and 40-2020, as amended, with sufficient authority to sue and be sued. The JRG's address is PO Box 42003, San Juan, PR 00940-2203.

13.     Co-Defendant, Arnaldo J. Ortiz-Miranda ("Executive Director"), Executive Director of JRG. His current address is PO Box 42003, San Juan, PR 00940-2203. The Plaintiffs reserve the right to amend the Complaint if more information is discovered.

14.     Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendants. At the time of the incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover all claims included in this complaint. Their current address is unknown. The Plaintiffs reserve the right to amend the Complaint if more information is discovered.

15.     Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' acts or omissions of which Plaintiffs are complaining. Their current address is unknown. The Plaintiffs reserve the right to amend the Complaint if more information is discovered.

16.     Co-Defendant, John & Jane Doe ("Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants'

8

acts or omissions of which Plaintiffs are complaining. Their current address is unknown. The Plaintiffs reserve the right to amend the Complaint if more information is discovered.

## THE FACTS

17.     On 2020, the Commonwealth passed Law 40-2020, as amended, which was titled the "Ley del Fideicomiso para el Retiro de la Policía".

18.     This Law was made to create a Police Retirement Trust to financially support retired police officers.

19.     Said Police Retirement Trust is managed by the JRG.

20.     Said Police Retirement Trust benefits retired police officers who meet eligibility requirements.

21.     The Police Officers that meet eligibility requirements are those that have retired after reaching fifty-five (55) years of age and/or completed thirty (30) years of service.

22.     This Law states that the pension benefits of the Police Officers would be calculated based on average salary of last 3 years and said payments aim to bring retirees close to fifty percent (50%) of their salary.

23.     Pursuant to this Law, the vested rights and benefits payable to the Plaintiffs, that is their pensions, should have been close to fifty percent (50%) of their salary.

24.     As such, the Plaintiffs vested rights and benefits, that is their pensions, should have been the following:

   a. Gilberto Baez-Mendez was receiving a monthly salary approximately four thousand eight hundred dollars ($4,800.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand four hundred dollars ($2,400.00) monthly as a pension payment.

9

b. Bienvenido Berberana-Navarro was receiving a monthly salary approximately three thousand three hundred dollars ($3,300.00). Therefore, based on his vested rights and benefits, he is entitled to receive one thousand six hundred fifty dollars ($1,650.00) monthly as a pension payment.

c. Juan C. Caceres-Jimenez was receiving a monthly salary approximately three thousand two hundred ninety-five dollars ($3,295.00). Therefore, based on his vested rights and benefits, he is entitled to receive one thousand six hundred forty-seven dollars ($1,647.50) monthly as a pension payment.

d. Victor Augusto Lopez-Jimenez was receiving a monthly salary approximately three thousand one hundred ninety-three dollars ($3,193.00). Therefore, based on his vested rights and benefits, he is entitled to receive one thousand five hundred ninety-six dollars ($1,596.50) monthly as a pension payment.

e. Daniel Lopez-Lorenzo was receiving a monthly salary approximately three thousand one hundred sixty-five dollars ($3,165.00). Therefore, based on his vested rights and benefits, he is entitled to receive one thousand five hundred eighty-two dollars ($1,582.50) monthly as a pension payment.

f. Armando Maldonado-Soto was receiving a monthly salary approximately four thousand four hundred ninety-four dollars ($4,494.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand two hundred forty-seven dollars ($2,247.00) monthly as a pension payment.

g. Raul Martinez-Perez was receiving a monthly salary approximately four thousand seven hundred eighty-three dollars ($4,783.00). Therefore, based on his vested

10

rights and benefits, he is entitled to receive two thousand three hundred ninety-one dollars ($2,391.50) monthly as a pension payment.

h. Luis Pabon Bosques was receiving a monthly salary approximately four thousand two hundred ninety-six dollars ($4,296.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand one hundred forty-eight dollars ($2,148.00) monthly as a pension payment.

i. Yvonne Ramirez was receiving a monthly salary approximately three thousand four hundred twenty-one dollars ($3,421.00). Therefore, based on his vested rights and benefits, he is entitled to receive one thousand seven hundred ten dollars ($1,710.50) monthly as a pension payment.

j. Jorge L. Rivera-Gonzalez was receiving a monthly salary approximately four thousand three hundred eighty dollars ($4,380.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand one hundred ninety dollars ($2,190.00) monthly as a pension payment.

k. David Rivera-Robles was receiving a monthly salary approximately four thousand twelve dollars ($4,012.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand six dollars ($2,006.00) monthly as a pension payment.

l. Juan Rodriguez-Roman was receiving a monthly salary approximately four thousand one hundred dollars ($4,100.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand fifty dollars ($2,050.00) monthly as a pension payment.

11

m. Carlos A. Rojas Rosario was receiving a monthly salary approximately four thousand three hundred twenty-seven dollars ($4,327.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand one hundred sixty-three dollars ($2,163.50) monthly as a pension payment.

n. Elvin Rosado-Morales was receiving a monthly salary approximately four thousand five hundred twenty dollars ($4,520.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand two hundred sixty dollars ($2,260.00) monthly as a pension payment.

o. Rafael Torres-Ramos was receiving a monthly salary approximately four thousand two hundred ninety-six dollars ($4,296.00). Therefore, based on his vested rights and benefits, he is entitled to receive two thousand one hundred forty-eight dollars ($2,148.00) monthly as a pension payment.

25. The JRG acts as fiduciary and manages funds that would be used to pay the pension benefits to the retired Police Officers.

26. The Police Retirement Trust can receive and manage money/assets, invest funds, enter contracts, provide financial assistance to retirees and create rules and policies.

27. On October of 2025, the JRG issued a regulation titled "Reglamento del Fideicomiso para el Retiro de la Policía" ("Trust Regulation") pursuant to Law 40-2020.

28. The Trust Regulation's purpose is to govern the administration, management, and distribution of assets in the Police Retirement Trust and to ensure funds and assets are used to support retired police officers' benefits, such as their pensions.

29. The Trust Regulation states that it must be applied fairly, economically, and impartially between the Police Officers.

12

30. The Trust Regulation states that it was designed to benefit the Eligible Retired Police Officers to aim to bring retirees closer to fifty percent (50%) of average benefit pension compensation.

31. The Trust Regulation states that certain Police Officers are non-eligible if they are already receiving fifty percent (50%) of average benefit pension compensation.

32. The Trust Regulation states that the Police Retirement Trust, managed by the JRG, can 1) receive and manage funds, donations, and assets, 2) Invest, acquire, and dispose of property, 3) Enter contracts and operate programs, 4) Provide financial and technical support to retirees and 5) Establish internal rules and policies.

33. The Trust Regulation states that the main funding sources include 1) Government transfers and donations, and 2) Revenue from gambling machines (slot machines).

34. The Trust Regulation states that the distribution of those revenues goes to the General Fund of the Commonwealth and into the Police Retirement Trust.

35. The Trust Regulation states that the Calculation of the Pension Benefits would be an average compensation: based on last 3 years of salary, with annual increases capped at 10% year-over-year.

36. The Trust Regulation states that the Benefit Goal is to make Payments aimed at bringing retirees to fifty percent (50%) of their average compensation.

37. However, the Trust Regulation states that it will consider both the Pension Benefits along with other retirement income sources such as Social Security.

38. The Trust Regulation states that the Social Security benefits will be used to offset the pension benefits to the retired Police Officers.

39. The Trust Regulation states that the retired Police Officers must provide information to the Defendants regarding their Social Security benefits in order to assist them to calculate and offset the pension benefits to the retired Police Officers.

40. The Trust Regulation states that the retired Police Officers that fail to provide information to the Defendants regarding their Social Security benefits can affect their eligibility.

41. With regards to how the Trust Regulation handles the offset between pensions and Social Security benefits, the Trust Regulation states that it will offset the Social Security income from the pensions in order to reach the retirement income up to 50% of the retired Police Officers' average salary.

42. The Trust Regulation states that if a retired Police Officer receives Social Security benefits, then they will receive less than 50% of the retired Police Officers' average salary.

43. The Trust Regulation states that the Social Security benefits will be treated as part of the retired Police Officer's existing income.

44. The Trust Regulation reduces (offsets) its payment based on how much the retired Police Officer already receives from Social Security benefits.

45. For example, if the retired Police Officer's 50% average salary is two thousand dollars ($2,000.00) per month, and the Social Security benefit of the retired Police Officer is around eight hundred dollars ($800.00), then the Defendants will offset the same by only paying one thousand twelve hundred dollars ($1,200.00) per month.

46. Based on the above, the Trust Regulation states that the payments of the retired Police Officer's 50% average salary from the Police Retirement Trust will decrease because it is now including Social Security benefits.

47. The Trust Regulation states that it will become effective in June of 2026.

14

48.     As such, the Trust Regulation affects the Plaintiffs vested rights and benefits, that is their pensions, because it would cause the following:

a.  Gilberto Baez-Mendez will receive less than two thousand four hundred dollars ($2,400.00) monthly as a pension payment.

b.  Bienvenido Berberana-Navarro will receive less than one thousand six hundred fifty dollars ($1,650.00) monthly as a pension payment.

c.  Juan C. Caceres-Jimenez will receive less than one thousand six hundred forty-seven dollars ($1,647.50) monthly as a pension payment.

d.  Victor Augusto Lopez-Jimenez will receive less than one thousand five hundred ninety-six dollars ($1,596.50) monthly as a pension payment.

e.  Daniel Lopez-Lorenzo will receive less than one thousand five hundred eighty-two dollars ($1,582.50) monthly as a pension payment.

f.  Armando Maldonado-Soto will receive less than two thousand two hundred forty-seven dollars ($2,247.00) monthly as a pension payment.

g.  Raul Martinez-Perez will receive less than two thousand three hundred ninety-one dollars ($2,391.50) monthly as a pension payment.

h.  Luis Pabon Bosques will receive less than two thousand one hundred forty-eight dollars ($2,148.00) monthly as a pension payment.

i.  Yvonne Ramirez will receive less than one thousand seven hundred ten dollars ($1,710.50) monthly as a pension payment.

j.  Jorge L. Rivera-Gonzalez will receive less than two thousand one hundred ninety dollars ($2,190.00) monthly as a pension payment.

15

k.  David Rivera-Robles will receive less than two thousand six dollars ($2,006.00) monthly as a pension payment.

l.  Juan Rodriguez-Roman will receive less than two thousand fifty dollars ($2,050.00) monthly as a pension payment.

m.  Carlos A. Rojas Rosario will receive less than two thousand one hundred sixty-three dollars ($2,163.50) monthly as a pension payment.

n.  Elvin Rosado-Morales was will receive less than two thousand two hundred sixty dollars ($2,260.00) monthly as a pension payment.

o.  Rafael Torres-Ramos will receive less than two thousand one hundred forty-eight dollars ($2,148.00) monthly as a pension payment.

49.  Therefore, the Trust Regulation violates the Contracts Clause of the U.S. Constitution and the PR Constitution by impacting the vested rights and benefits payable to the Plaintiffs, which is to receive the complete 50% average salary as part of the retired Police Officer's pensions, as established under other laws and regulations.

50.  Therefore, the Trust Regulation will cause irreparable damages to the Plaintiffs due to the future violation of their civil and constitutional rights when they will be subjected to said arbitrary actions by the Defendants which will impact the Plaintiff's vested rights and benefits payable to the Plaintiffs, which is to receive the complete 50% average salary as part of the retired Police Officer's pensions, as established under other laws and regulations.

51.  The Defendants are unilaterally and unreasonably impairing their obligations towards the retired Police Officer's pensions, by seeking to pay less than the complete 50% average salary as established under other laws and regulations.

52.     The Defendants are liable for the future irreparable damages suffered by the Plaintiffs.

53.     Based on the before mentioned, 1) the Defendants are violating the Contracts Clause of the U.S. Constitution and P.R. Constitution by impacting the vested rights and benefits payable to the Plaintiffs, which is to receive the complete 50% average salary as part of the retired Police Officer's pensions, as established under other laws and regulations, 2) the Defendants are violating the Equal Protection Clauses of the U.S. Constitution and P.R. Constitution by treating the Plaintiffs differently by allowing the reduction of the retired Police Officer's pensions by offsetting the same by using the Social Security benefits in comparison to other retired Police Officers who are not receiving Social Security benefits, 3) the Defendants breached their contractual obligations to the Plaintiffs by not honoring and paying the complete 50% average salary as part of the retired Police Officer's pensions, as established under other laws and regulations, 4) the Defendants are unjustly enriching themselves by not honoring and paying the complete 50% average salary as part of the retired Police Officer's pensions, as established under other laws and regulations, and 5) the Defendants are liable for all the possible and future damages that will be suffered by the Plaintiffs.

54.     Based on the before mentioned facts, the Defendants have and will incur in acts and omissions that will cause possible and future damages that will be suffered by the Plaintiffs.

55.     Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of the Defendants' acts or omissions. Company ABC did not take any proper action to rectify and/or avoid the acts or omissions incurred by the Defendants.

17

56.    John & Jane Doe had knowledge of the Defendants' acts or omissions. John & Jane Doe did not take any proper action to rectify and/or avoid the acts or omissions incurred by the Defendants.

57.    At the time of these incidents, Insurance Company XYZ held an insurance policy in favor of all the named Defendants, specifically to cover said claims. Said insurance policy was in force at the time of the incidents.

58.    The Plaintiffs will suffer economic losses based on all of the Defendants' intentional and/or negligent acts.

59.    The Plaintiffs seek an *injunction* to prevent all possible and future damages to the Plaintiffs.

60.    The Defendants are liable for all of the Plaintiffs' irreparable damages.

## FIRST CAUSES OF ACTIONS

## *INJUNCTION*, DECLARATORY JUDGMENT, SECTION 1983, BREACH OF CONTRACT, UNJUST ENRICHMENT AND TORTS

61.    The Plaintiffs re-allege each and every allegation stated in the preceding paragraphs as if fully set forth herein.

62.    The "contract clause" if the United States Constitution provides that "No State shall … pass any … law impairing the obligation of contracts …" U.S. Const. Art. 1, section 10, Cl. 1. *Lynch v. United States,* 292 U.S. 571, 54 S. Ct. 840, 78 L. Ed. 1434 (1934).

63.    In *United States Trust Co. v. New Jersey,* 431 U.S. 1, 97 S. Ct. 1505, 52 L. Ed. 2d 92 (1977), the Court set forth a three-step test to determine whether legislative action violates the contract clause. First, there must be in existence a valid contract or obligation of a contractual

18

nature. Second, the obligation must have been "impaired." Third, the impairment must not have been reasonable or necessary.

64.    A statute may create a contractual obligation which is protected by the contract clause "when language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the state." *United States Trust Co., supra at* 17, n.14, 97 S. Ct. at 1515, n.14.

65.    Some private and public employees' pension plans created or governed by statute have been held to create contract rights. See e.g., *Wyper v. Providence Washington Insurance Co.,* 533 F.2d 57 (2d Cir. 1976); *Pinman v. Oechslin,* 494 F. Supp. 525 (D. Conn. 1980). Similarly, a public employee's reliance interest in a continued salary level as embodied in legislation has been held to be protected by the contract clause. See, *Fisk v. Police Jury of Jefferson,* 116 U.S. 131, 133-34, 6 S. Ct. 329, 330, 29 L. Ed. 587 (1885).

66.    Cases dealing with employee benefits have one fundamental characteristic in common: it was crucial that the employee had given "consideration" in exchange for pension or other rights, by contributing to the pension and/or by "agreeing not to quit" in exchange for continued pension or other rights.

67.    The Plaintiffs respectfully understand that the laws and regulations of Puerto Rico have created contractual rights which are cognizable under the contract clause of the U.S. Constitution and P.R. Constitution.

68.    The vested rights and benefits payable to the Plaintiffs is to receive the complete 50% average salary as part of the retired Police Officer's pensions, as established under other laws and regulations.

69.    Specifically, the Plaintiffs had the following vested rights and benefits:

19

a.  Gilberto Baez-Mendez had vested rights and benefits, such that he was entitled to receive two thousand four hundred dollars ($2,400.00) monthly as a pension payment.

b.  Bienvenido Berberana-Navarro had vested rights and benefits, such that he was entitled to receive one thousand six hundred fifty dollars ($1,650.00) monthly as a pension payment.

c.  Juan C. Caceres-Jimenez had vested rights and benefits, such that he was entitled to receive one thousand six hundred forty-seven dollars ($1,647.50) monthly as a pension payment.

d.  Victor Augusto Lopez-Jimenez had vested rights and benefits, such that he was entitled to receive one thousand five hundred ninety-six dollars ($1,596.50) monthly as a pension payment.

e.  Daniel Lopez-Lorenzo had vested rights and benefits, such that he was entitled to receive one thousand five hundred eighty-two dollars ($1,582.50) monthly as a pension payment.

f.  Armando Maldonado-Soto had vested rights and benefits, such that he was entitled to receive two thousand two hundred forty-seven dollars ($2,247.00) monthly as a pension payment.

g.  Raul Martinez-Perez had vested rights and benefits, such that he was entitled to receive two thousand three hundred ninety-one dollars ($2,391.50) monthly as a pension payment.

h. Luis Pabon Bosques had vested rights and benefits, such that he was entitled to receive two thousand one hundred forty-eight dollars ($2,148.00) monthly as a pension payment.

i. Yvonne Ramirez had vested rights and benefits, such that he was entitled to receive one thousand seven hundred ten dollars ($1,710.50) monthly as a pension payment.

j. Jorge L. Rivera-Gonzalez had vested rights and benefits, such that he was entitled to receive two thousand one hundred ninety dollars ($2,190.00) monthly as a pension payment.

k. David Rivera-Robles had vested rights and benefits, such that he was entitled to receive two thousand six dollars ($2,006.00) monthly as a pension payment.

l. Juan Rodriguez-Roman had vested rights and benefits, such that he was entitled to receive two thousand fifty dollars ($2,050.00) monthly as a pension payment.

m. Carlos A. Rojas Rosario had vested rights and benefits, such that he was entitled to receive two thousand one hundred sixty-three dollars ($2,163.50) monthly as a pension payment.

n. Elvin Rosado-Morales had vested rights and benefits, such that he was entitled to receive two thousand two hundred sixty dollars ($2,260.00) monthly as a pension payment.

o. Rafael Torres-Ramos had vested rights and benefits, such that he was entitled to receive two thousand one hundred forty-eight dollars ($2,148.00) monthly as a pension payment.

70. When the Defendants issued the Trust Regulation, the Defendants impaired the Plaintiffs' vested rights and benefits, that is, Plaintiffs' pensions.

21

71.    Based on the Trust Regulation, the Defendants will use the Plaintiffs' social security income to reduce the payment of the Plaintiffs' vested rights and benefits, that is, Plaintiffs' pensions.

72.    By using the Plaintiffs' social security information, the Plaintiffs will receive less than the 50% average salary as part of the retired Police Officer's pensions.

73.    The reduction of the payment of the Plaintiffs' vested rights and benefits, that is, Plaintiffs' pensions, is not reasonable nor necessary.

74.    The reduction of the payment of the Plaintiffs' vested rights and benefits, that is, Plaintiffs' pensions, is not reasonable nor necessary, because the Defendants will pay 50% average salary as part of the retired Police Officer's pensions to other retired Police Officers that are not receiving social security income.

75.    The Defendants are treating the Plaintiffs differently because the Defendants will still pay 50% average salary as part of the retired Police Officer's pensions to other retired Police Officers that are not receiving social security income, whereas the Defendants will pay less than 50% average salary to the Plaintiffs.

76.    Therefore, the Plaintiffs request this Honorable Court to issue a preliminary and permanent *injunction* against the Defendants.

77.    If this Honorable Court does not issue the equitable relief against Defendants, Plaintiffs will suffer irreparable harm from the economic losses it stands to suffer once the Defendants start reducing the Plaintiffs' pension on June of 2026.

78.    The Plaintiffs respectfully requests this Honorable Court to take immediate judicial action against Defendants to prevent the irreparable harm from the economic losses the Plaintiffs stand to suffer once the Defendants start reducing the Plaintiffs' pension on June of 2026.

22

79.     Specifically, the Plaintiffs request that this Court issue equitable relief against Defendants by prohibiting Defendant from reducing the Plaintiffs' vested rights and benefits, that is, Plaintiffs' pensions, which is 50% average salary as part of the retired Police Officer's pensions.

80.     The Plaintiffs hereby attach the Unsworn Declaration under Penalty of Perjury of one of the Plaintiffs, in order to support its request for injunction in compliance with Rule 65 of FRCP (See Attachment).

81.     Plaintiffs entered into a valid contract with Defendants, when it recognized the Plaintiffs' vested rights and benefits, that is, Plaintiffs' pensions to pay 50% average salary as part of the retired Police Officer's pensions.

82.     Plaintiffs at all times performed and complied with its obligations pursuant to the valid contract, which is to give consideration in exchange for pension or other rights, by contributing to the pension and/or by agreeing not to quit in exchange for continued pension or other rights.

83.     However, Defendants breached their obligations by arbitrarily reducing the pensions of the Plaintiffs by June 30th, 2026, by offsetting the pensions of the Plaintiffs based on the social security income received by the Plaintiffs.

84.     Based on this arbitrary action, the Defendants are violating the Contracts Clause of the U.S. Constitution and P.R. Constitution, by impacting the vested rights and benefits payable to the Plaintiffs, such as their pensions, under other laws and regulations.

85.     Additionally, the Defendants are violating the Equal Protection Clause of the U.S. Constitution because it is treating the Plaintiffs differently when compared to other persons who are not suffering reduction of their pensions because they do not receive social security income.

86.     Therefore, the Plaintiffs requests this Honorable Court to issue a declaratory judgment and any other remedies which Plaintiff is entitled based on Defendants' material breach of contract.

87.     The Defendants have enriched themselves by taking Plaintiffs' consideration in exchange for pension or other rights, by allowing the Plaintiffs to contribute to the pension and/or by having the Plaintiffs agree not to quit in exchange for continued pension, and afterwards the Defendants do not honor the Plaintiffs' pensions as originally promised to the Plaintiffs.

88.     Therefore, the Defendant owes the Plaintiffs due to unjust enrichment

89.     The Defendants' actions constitute an act or omission which caused damages to the Plaintiffs. Said act or omission was incurred due to fault or negligence.

90.     The Defendants are liable to the Plaintiffs pursuant to the PRCC.

91.     John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiffs. Said act or omission was incurred due to fault or negligence.

92.     John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

93.     Company ABC's actions constitute an act or omission which caused damage to Plaintiffs. Said act or omission was incurred due to fault or negligence.

94.     Company ABC is liable to Plaintiffs pursuant to the PRCC.

95.     All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

96.     As a result thereof, Defendants are liable for compensatory and statutory damages pursuant to the PRCC.

## SECOND CAUSE OF ACTION

24

**INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE**

97.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

98.    Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

**THIRD CAUSE OF ACTION**

**ATTORNEYS FEES AND PREJUDGMENT INTEREST**

99.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

100.    Defendant is liable to Plaintiffs for attorney's fees and costs pursuant to federal and state laws.

101.    Defendant is liable for prejudgment interest pursuant to federal and state laws.

**JURY DEMAND**

102.    Plaintiff demands that all causes of action be tried before a jury

**PRAYER**

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants, specifically:

1. Granting Plaintiff's Complaint against Defendant. This Court should grant Plaintiff's complaint and find that the Defendant is liable to the Plaintiff based on the following: *injunction* and declaratory judgment pursuant to Rule 57 and Rule 65 of the FRCP; Violation of Civil and Constitutional Rights pursuant to Section 1983, 42 USC sec. 1983*, et seq.*; Violation of the Contract Clause of the US Constitution and Section 10

of Article II of Constitution of the PR Constitution; Violation of the Equal Protection Clause of the US Constitution and the PR Constitution; and material breach of contract, unjust enrichment and general tort damages pursuant to PRCC.

2. Granting Plaintiff's request for Preliminary and Permanent Injunction pursuant to the FRCP.

3. Awarding Plaintiff lost benefits, both past and future.

4. Awarding Plaintiff the amounts before mentioned in the Complaint.

5. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

6. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on the 1st of April, 2026.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com